IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ADRIAN CARBAJAL,              )
                              )
            Petitioner,       )
                              )
       v.                     )     1:14CV591
                              )
MR. T. MCCOY,                 )
                              )
            Respondent.       )
```

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On August 4, 2010, in the Superior Court of Durham County, Petitioner pled guilty to trafficking in cocaine by possession, trafficking in cocaine by transportation, possession with intent to sell and deliver a schedule II controlled substance, and carrying a concealed gun, in cases 09 CRS 46622-23 (see id., ¶¶ 1-6; Docket Entry 1-1 at 10-11; Docket Entry 5-2), and, on November 8, 2010, the trial court sentenced Petitioner to 70 to 84 months imprisonment (see Docket Entry 1-1 at 10-11).[1] He did not appeal. (Docket Entry 1, ¶ 8.)

---

[1] The Petition indicates that Petitioner proceeded to a bench trial in his underlying convictions (see Docket Entry 1, ¶ 6(c)); however, it appears Petitioner misunderstood the question or made a typographical error as he previously acknowledged that he had pled guilty (see id., ¶ 6(a)), and other filings clarify that he did not go to trial, (see, e.g., Docket Entry 5-2).

On April 1, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in the trial court. (See Docket Entry 1-1 at 3.)[2] The trial court summarily denied the MAR on April 10, 2014. (Id.) Petitioner then sought certiorari review with the North Carolina Court of Appeals on May 19, 2014. (See id. at 4.) The North Carolina Court of Appeals denied that petition on June 5, 2014. (Id.) Finally, Petitioner signed the instant Petition, under penalty of perjury, and dated it for mailing on July 7, 2014 (Docket Entry 1 at 15), and the Court stamped and filed the Petition on July 16, 2014 (id. at 1).[3] Respondent has moved to dismiss the Petition as untimely. (Docket Entry 4.) Petitioner responded. (Docket Entry 7.) For the reasons that follow, the Court should grant Respondent's instant Motion because Petitioner submitted his Petition outside of the one-year limitations period.

**Petitioner's Claims**

The Petition raises four grounds for relief: (1) "Ineffective assistance of counsel" because "counsel allowed [] Petitioner to be sentenced out of the guidelines" (Docket Entry 1 at 5); (2) "First felony drug offense, never anything on my record but traffic

---

[2] Petitioner failed to indicate on his Petition that he had unsuccessfully pursued a MAR in state court. (See Docket Entry 1, ¶¶ 10-11.)

[3] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on July 7, 2014, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (See Docket Entry 1 at 15.)

2

offenses . . . [Petitioner] should have merited consideration for probation or something or a lesser sentence" (id. at 7); (3) "Estimated/Alleged weight of cocaine" because "the plastic bag was weighed as well" by the State, thereby increasing the weight of cocaine charged (id. at 8); and (4) "Faulty indictment" because the indictment listed a different amount of cocaine compared to the arrest warrant (id. at 10).[4]

## Discussion

Respondent moves to dismiss the Petition because Petitioner filed his Petition outside of the one-year limitations period, see 28 U.S.C. § 2244(d)(1). (Docket Entry 4.) In order to assess Respondent's statute of limitations argument, the undersigned must first determine when Petitioner's one-year period to file his Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[4] In his Petition, Petitioner wrote using all capital letters. (See, e.g., Docket Entry 1 at 8.) For ease in reading and formatting, the undersigned has changed the quotations to reflect proper grammar in terms of capital or lowercase lettering.

3

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must assess timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005). Neither Petitioner nor Respondent contend that subparagraphs (B), (C), or (D) apply in this situation. (See Docket Entries 1, 3, 4, 5, 7.) However, Petitioner argues that the statute of limitations should not prohibit the Court from addressing the merits of his case. (See Docket Entry 1 at 14; Docket Entry 7.) Thus, the undersigned must next determine when the statute of limitations commenced under subparagraph (A).

Under subparagraph (A), Petitioner's conviction, for purposes of the statute of limitations, became final on November 22, 2010, when his right to appeal expired. North Carolina requires that a party file a notice of appeal within fourteen days of judgment in order to appeal. N.C.R. App. P. 4(a)(2) (2010). Here, Plaintiff had until November 22, 2010, to file an appeal, and he failed to do so. Therefore, Petitioner's case became final, for purposes of the

4

one-year limitations period, on November 22, 2010. See Gonzalez v. Thaler, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012) (holding that a petitioner's case becomes final when the time for pursuing direct review expires).

Petitioner's one-year period ran, unimpeded, from November 22, 2010, until its expiration on November 22, 2011. Although Petitioner filed a MAR in state court, he filed it after the limitations period had run, and that belated filing could not toll the statute, see Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings made after the federal limitations period do not restart or revive the federal limitations period). Therefore, Petitioner filed his Petition untimely, outside of the statute of limitations.

Despite the Petition's untimeliness, Petitioner requests the Court to address the merits of his Petition. (See Docket Entry 7.) Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations for habeas claims, see 28 U.S.C. § 2244(d)(1), a court can equitably toll the one-year limitations period, see Holland v. Florida, 560 U.S. 631, 634 (2010). Equitable tolling requires that Petitioner demonstrate that (1) he has diligently pursued his rights, and (2) extraordinary circumstances prevented a timely filing. Id. at 649. Equitable tolling involves a case by case analysis. Id. at 649-50.

Petitioner argues that his lack of legal fluency should toll the statute of limitations (Docket Entry 1 at 14; Docket Entry 7 at 1), but courts have consistently rejected ignorance of the law as a basis for equitable tolling, see, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner's ability to file his MAR and to petition for a writ of certiorari in state court, notwithstanding his lack of legal fluency, undermines his request for tolling. In sum, Petitioner has not demonstrated a sufficient basis for equitable tolling, and the Petition remains untimely.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 4) be granted, the Petition (Docket Entry 1) be denied, and that Judgment be entered dismissing this action, without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 29, 2015